**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LAMAR ANTWAUN WILLIAMS,

      Defendant - Appellant.

No. 06-2328
(D.C. Nos. CIV-06-09-JP/RLP and
CR-01-1335 JP)
(D.N.M.)

**ORDER DENYING A CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Lamar Williams, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255

habeas petition.  For substantially the same reasons set forth by the district court,

we **DENY** a COA and **DISMISS**.

Williams was convicted of possession with intent to distribute over 50

grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and

sentenced to 262 months' imprisonment on February 14, 2003.  This court

affirmed his conviction on direct appeal, United States v. Williams, 356 F.3d

1268 (2004), and the Supreme Court denied his petition for certiorari on October

4, 2004. He filed his § 2255 petition on January 4, 2006. The district court denied his petition as untimely and denied his subsequent request for a COA. Williams now seeks a COA from this court.[1]

Williams concedes that his conviction became final on October 4, 2004. Accordingly, he had until October 4, 2005 to file a habeas petition. See 28 U.S.C. § 2255 (providing a one-year limitations period from the date a conviction becomes final). Although Williams' petition was filed three months after that date, he urges the court to equitably toll the limitations period.

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Williams claims that he was denied access to legal materials while his prison was in "lockdown" between September 17, 2005 and October 3, 2005. If we were to toll the limitations period for the duration of this lockdown, Williams' application would still be more than two months late. He also asserts that prison officials seized his legal documents during the lockdown.

---

[1] A petitioner may not appeal the denial of habeas relief under § 2255 without a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Williams to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Such confiscation may justify tolling during the period he was deprived access to the documents, but Williams never claims he was diligent in attempting to retrieve the documents. Finally, Williams argues that equitable tolling is appropriate because of the difficulties he had in obtaining his trial transcripts. However, none of the delays he cites constitute "extraordinary circumstances beyond his control." Id.

Accordingly, Williams' request for a COA is **DENIED** and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge