**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAMAR ANTWAUN WILLIAMS,

    Defendant-Appellant.

No. 11-2223
(D.C. Nos. 1:06-CV-00009-JAP-WDS
and 1:01-CR-01335-JAP-1)
(D. of N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Lamar Antwaun Williams, a federal prisoner, seeks a certificate of appealability (COA) to appeal the district court's denial of his Rule 60(b) motion. We have jurisdiction under 28 U.S.C. § 1291, and we construe Williams's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). The district court dismissed the Rule 60(b) motion on the grounds that the issue had already been adjudicated fully on the merits.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We find no reasonable jurist could conclude that the district court's dismissal was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We also note the Rule 60(b) motion was not timely.

Accordingly, we DENY the application for a COA and DISMISS the appeal. We DENY the motion for leave to proceed in forma pauperis.

## I. Background

A New Mexico jury found Williams guilty of possession with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was sentenced to 262 months' imprisonment. This court affirmed his conviction on direct appeal, *United States v. Williams*, 356 F.3d 1268 (10th Cir. 2004), and his petition for certiorari was denied on October 4, 2004, *see Williams v. United States*, 543 U.S. 852 (2004). His 28 U.S.C. § 2255 motion was due by October 4, 2005 pursuant to the one-year time limitation period of 28 U.S.C. § 2244(d)(1)(A).

Williams filed his § 2255 petition on January 4, 2006, more than three months late. Finding no basis for equitable tolling, the district court denied his petition as untimely and on appeal, we denied his request for a COA and dismissed his appeal. *United States v. Williams*, 219 F. App'x 778, 779 (10th Cir. 2007). Years later, in December of 2011, Williams filed a motion for reconsideration of his § 2255 motion under Federal Rule of Civil Procedure 60(b). The district court denied the Rule 60(b) motion and he then appealed.

-2-

## II. Analysis

We review a district court's denial of a motion for relief under Rule 60(b) for an abuse of discretion. *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011).

A Rule 60(b) motion challenging the application of the statute of limitations to a § 2255 motion is not a successive habeas petition because it does not contest the merits of a conviction. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). A petitioner does not make a habeas claim when "he merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4; *see id.* at 533, 538.

But Rule 60(b) "relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington Northern & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotations omitted). The district court dismissed the Rule 60(b) motion on the grounds that the issue of timeliness had already been fully adjudicated. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *See Slack*, 529 U.S. at 484.

First of all, even if it had merit, Williams's Rule 60(b) motion was untimely. To obtain relief, a "motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). A motion under Rule 60(b) must be made "no more than a year after the entry of the judgment or order." *Id.* In this case, this court's judgment dismissing petitioner's petition for habeas relief was entered in 2007, years prior to the Rule 60(b) motion before the district court.

Williams tries to revive his claim for equitable tolling on the grounds he is actually innocent of the crime. But his claim is unsupported. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Williams provides no evidence establishing a credible claim of actual innocence, and the additional affidavits proffered by Williams in his application for a COA do not constitute "newly discovered evidence" that would be sufficient to establish his innocence and justify equitable tolling. Furthermore, he made no such claim at the time of his first appeal of the district court's untimeliness ruling.

We therefore affirm the district court's denial of the Rule 60(b) motion.

* * *

The application for a COA, the motion to supplement the opening brief, and the motion for leave to proceed in forma pauperis are denied and this appeal is dismissed.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge